Good morning. May it please the Court, my name is Angela Hansen, and I represent the appellant, Robert Ascencio. This is an appeal from the district court's sentencing determination. It was Mr. Ascencio's position that the district court erred first in calculating the guidelines incorrectly and second in not following the directives of Booker and 3553A when it opposed the final sentence. Unless the Court has any questions on the second issue, the Booker issue, I will focus primarily on the guideline issue, because it is our position that Zavala and Carte support our position on appeal. However, given the en banc panel decision that has not yet been issued, we believe our appeal, the second issue, will turn on that panel decision and possibly the district court. Do you want us to defer submission of this until those cases are decided? Well, as a procedural matter, Your Honor. Or until the Supreme Court decides the issue or whatever? It sort of depends. If the Court were to agree with us that the guidelines were calculated incorrectly, the Court could remand for resentencing based on Kimbrough and Cantrell, which say, if the guidelines aren't right, you've got to remand for resentencing. The Court has to have that right first. However, if this Court were to disagree with us and find that the guidelines were calculated correctly because we preserved the Booker issue in that case, Your Honor, then we would ask for the Court to stay the case pending decision. If we were to decide that, couldn't we – if we were to decide that the guideline was decided correctly, so could we remand to the district court? Or could we give you – is there any way we could permit you to reopen? Or what – is there any other way we could do it other than just holding it here? It would depend on the decision of the en banc panel. We believe that Zavala supported our appeal. I guess the Court could remand with directions to follow whatever the Court decides in Zavala and Carty when that decision is issued. And we're not certain whether or not the Court will wait until Rita and Claiborne are decided by the Supreme Court. That does pose concern. Mr. Asensio is serving a 14-plus year sentence, so he does have the time to wait. So if the Court were inclined to disagree with us on count one, it might be best for the case to be stayed pending the outcome in Zavala and Carty. As for the guideline issue, it was Mr. Asensio's position that his guideline should have been two levels lower, and it was a drug calculation issue at sentencing. The drugs were recovered from two separate locations, from under the hood of Mr. Asensio's car and in his pocket. Mr. Asensio presented ample evidence and undisputed evidence that he was a drug addict. In fact, the government agreed and they charged him as an addict in possession of a firearm in count four of the indictment. Now, the district court did not make any findings of fact as to where the drugs were found. Instead, the Court simply concluded that given the circumstances of the amounts, over 20 grams of actual out of 30 must have been for sale. It is our position that this finding was in error and should not be given any deference, because there is no basis that the district court gives this Court to determine why that was correct. For instance, the district court did not explain whether or not it was deciding whether the drugs in Mr. Asensio's pocket were for his own personal use. The district court did not make any findings as to that. The Court also did not decide if they were for his personal use what amount was actually in his pocket. And third, the district court did not decide whether or not any of the drugs under the hood were for his personal use. Kennedy, in order for us to do what you want us to do, don't we have to ignore the fact that he was a user and he was a seller? That he was the second? He was a user and he was a seller. He was both, Your Honor, and he admits both. Won't we have to ignore that if we follow your argument? No, Your Honor. The Court would simply have to remand for the district court to make the findings it should have made. On what basis? The problem in this case was that the reason you can be here is because they didn't make a record, so many ounces were in his pocket, so many ounces were under the hood. But nobody can know whether even the ounces that were in his pocket were for his personal use or for sale, or the ounces under the hood were his personal use or for sale. Nobody can know that but him. He knows it, maybe, but nobody else can. So if we remand it, what will the Court do? Well, it was the district – it was the government's burden, Your Honor. And the government didn't document the evidence. Well, the government could document that he was a seller and all of it was for sale, couldn't they? It could have documented by taking photographs of the evidence that were found in the And it was the government's burden to prove that, not Mr. Asensio. I thought he got a good break, but that's just one-third of the Court. He could have had it all for sale and they could have hit him for more than 20 ounces and maybe they should have. Well, Your Honor, the problem with that is the night of the arrest, Mr. Asensio was under the influence. He tested positive from the – Oh, yeah. And he also appeared to the officers to be under the influence. There's also ample evidence that his addiction was extreme and had been since 1991. He had a severe addiction to methamphetamine. He was doing both. He was using and he was selling. And, in fact, it was not our burden. By presenting that evidence, enough of that evidence, it was then up to the district court to make a determination of what amount was for sale versus personal use. But it is. He said 20 to 20. He said – but there was really no factual basis for that. There was no finding that supported that. It was simply a conclusion rather than a factual finding because the district court did not determine what amounts were where. For instance, Your Honor, the Court said given the circumstances of the amount – of the amounts and what was found with it. And we can presume that perhaps the district court was referring to the gun and the scale, but the Gonzales case from this circuit teaches us that – Any other possible explanation? That he was selling. It's just that he was selling. No. You said we have to assume that the scale and the gun were the other things because that indicates for sale. Well, is there any other conclusion? There could be other – we're not certain what the district court meant. Weighed how much he used before he used it? The way he – Scale. In other words, in order to take his dose, did he weigh it first? Perhaps. But we can't know. The district court didn't make enough of a record, Your Honor. What do we have to do, say it's unreasonable? No. If the court didn't follow the proper procedure, by giving this court enough of findings to make the determination, the court can reverse. If this court, though, believes, as Your Honor seems to believe that this – Oh, we haven't believed. When we make the – when I ask you questions, it's to let you explain why that's right or wrong. That doesn't – if we'd concluded, I'd just sit here quietly as I did in – well, I won't say that. I understand, Your Honor. Well, if the court were to find that the district court did make a factual finding, then we would have to show that that finding was clearly erroneous. However, if the district court didn't follow the appropriate procedure by making the findings that were necessary to find that he possessed over 20 grams for sale, then it would have to be reversed for the district court to do so. Okay. Why would we – let me go for a minute to the Cardians of all issues. Yes, Your Honor. Why is this controlled by them necessarily? I'm sorry? Why is this case controlled by them necessarily, since the district court seemed to indicate that it was satisfied with the guideline? Because, just as in Zavala, the district court started with the guidelines and then said, if I find those guidelines to be unreasonable, then I will go lower. That is the appellate court standard of review, reasonableness, that was set forward in Booker. The district court was basically making the guidelines more important. It was elevating the guidelines under the 3553A factors, and that was inappropriate, as in Zavala. Similar to Carty, the district court didn't once mention 3553A, and it didn't articulate its findings under 3553A. Instead, it kept referring to the language of departure. Departures are a term of art, and the word extraordinary then comes to mind. And, Your Honor, I'd like to save my last few and a half seconds. Thank you. Thank you. That's helpful. Thank you. Good morning, Your Honor. Erica Frick on behalf of the United States. May it please the Court. There are two questions on appeal. The first is that the district court did not clearly err in finding that this defendant possessed at least 20 grams of methamphetamine with the intent to distribute. And at the outset, I want to emphasize that the government's burden in the district court was a preponderance of the evidence, and that the standard of review is clear error here. The sentencing transcript, looking at the overall sentencing transcript, it's clear that the issue was framed as how much of the drugs were in the defendant's pocket. Because the government said, we think the way that those drugs were packaged means even those were for sale. But giving him benefit of the doubt, and even assuming some of the drugs in his pocket were for his personal use, it was such a small amount that there's still enough drugs here to be over 20 grams. And it's clear that the district court, when it made its holding that there were at least 20 grams, was basically deciding that question, how much was in his pocket. The district court's holding is clearly supported by the record here. We have Officer Jeffrey's testimony. We have the fact that the drugs were found in the dime pocket, which is extremely small. We have the original police report, which talks about the two small bags found in his pocket versus the large bags found under the hood. There's plenty of evidence here. There's also a second basis for upholding the factual finding, and that's the circumstantial evidence in the PSR's undisputed statement by the defendant that he was using only up to half a gram of meth per day. What's the question before us, though, on this record? Excuse me? What is the question before us on this record? The question here is only whether the district court committed clear error in reaching factual finding, and it did not. The record amply supports the finding. And then in terms of the sentence, under currently binding circuit law, of course, the Volon Carti are not precedential right now, pending rehearing. Under currently binding circuit law, this was a reasonable sentence, both procedurally correct under Booker and substantively reasonable. It's pretty clear that, unlike in Zavala, the court here did not apply a presumption. It didn't use any language of presumption. And unlike in Carti, this court did consider the Section 3553A factors, even if it didn't mention them by name. It talked about his criminal history, rehabilitation, treatment options, and other factors that we've listed in our briefs. So it's pretty clear under the binding circuit law right now that this sentence should be upheld. If the court were to disagree with that, we believe the case should be held pending Zavala-Carti and the Supreme Court's decision in RETA. Let me ask you the – what do you want us to do? Affirm. Okay. What do we do with the Zavala – I'm not quite sure I understand your position. In other words, while Zavala and Carti are pending, they're obviously not binding on the court. And under cases that we cited in our briefs, like Mix and Diaz-Argeta, this sentence clearly survives – is compliant with those currently binding circuit precedents. Also, we believe even if Zavala and Carti were affirmed that we – that this sentence is consistent with those. However, with the pending cases out there, it – Do you think that this is consistent with the panel decisions in Zavala and Carti? Yes. Carti was a case where the court didn't discuss any of the goals and factors enumerated in Section 3553A. Obviously, here the court did, even if it didn't say Section 3553A by name. And in Zavala, there are two problems not present here. One is that a presumption was applied. And instead of just using the guidelines as a starting point, which the court did here, the court used a lot of presumption language that troubled the panel in that case. In addition, in Zavala, the court put the burden on the defendant to show that it should be a non-guideline sentence. Here, there's no language to suggest that the court was doing that. It just simply considered all of the arguments and came to the conclusion that the most appropriate sentence was the bottom of the guideline range. Counsel? Yes. Was the issue regarding the district court's failure to determine how much of the drugs was for personal use, was that issue raised in the opening brief? In the appellant's opening brief? Yes. I believe that... Do you recall? I believe they were indicating that... I'm sorry, I'm not sure I'm understanding the question. I'm asking you whether or not that issue was raised in appellant's opening brief regarding the district court's asserted failure to determine how much of the drugs was for personal use versus how much was for sale. Oh, I would have to double check. I think actually the idea, the notion that there was no factual finding, I think was raised in the reply brief. But there was a fact, regardless of where it was raised, there was a factual finding here. And that's on ER 92. There is a factual finding. Did I answer your question, Your Honor? It's fine. Okay. Thank you. Thank you. Any further questions? We would ask that it be affirmed. Thank you. Judge Rawlinson, I wanted to address the court's question. We did raise it, probably not as artfully as we could have in the opening brief. We discussed how the court didn't have any methodology. It didn't have any underlying facts to support the conclusion that 20 grams were for sale. And then... I understand, but I didn't see the distinction between the amount for personal use versus the amount for sale that you raised in the reply brief. I didn't see that in the opening brief. I believe it's there, Your Honor, but I don't think it's as spelled out as it was in the reply. And I think Your Honor is correct that the reply brief details it a little bit more. And Your Honor, I do want to address Zavala. Zavala is right on point. The district court said the issue is whether or not there should be a departure outside the guideline range or whether the court should sentence outside the guideline range because the guideline range yields an unreasonable sentence. That puts the guidelines at a higher standard than the rest of the 3553A factors and is right on point with Zavala. So if this Court were to uphold Zavala in the en banc panel, the sentence must be reversed and remanded. Thank you. Thank you, Your Honor. The case just argued is submitted for decision. We'll hear the next case, which is Thompson v. Reynolds.
judges: Schroeder, Farris, Rawlinson